UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

----------------------------------------------------------- X
ZAATNURE XI-AMARU,

                       Plaintiff,

            - against -

DIRECTOR AND/OR COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
KINGS COUNTY, JANE OR JOHN DOE
FACILITY/STATION DIRECTOR, JANE OR
JOHN DOE SUPERVISOR, and JANE DOE,

                      Defendants.
----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

18-cv-7028 (BMC)

**COGAN**, District Judge.

*Pro se* plaintiff Zaatnure Xi-Amaru brings this action because the Social Security Administration (the "SSA") denied his request for a name change.[1] Because plaintiff has failed to demonstrate grounds for *in forma pauperis* status, the *in forma pauperis* motion is denied.

The complaint alleges that plaintiff attempted to change the name on his social security card by presenting certain documents, including documents relating to plaintiff's identification as a Native American, at a social security office. In response, plaintiff allegedly received a letter from the SSA indicating that the SSA was not able to honor plaintiff's documents; that the United States government does not recognize plaintiff's tribe; and that plaintiff could contact the Bureau of Indian Affairs or "go to U.S. civil court." Plaintiff then sued defendants for violation of his rights under the United States Constitution.

The purpose of allowing litigants to proceed *in forma pauperis* is to allow indigent persons to have equal access to the judicial system. Davis v. N.Y.C. Dep't of Educ., No. 10 CV

---

[1] Plaintiff's gender is not apparent from the name.

3812, 2010 WL 3419671 (E.D.N.Y. Aug. 27, 2010). A court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court. Cabey v. Atria Senior Living, No. 13 CV 3612, 2014 WL 794279 (E.D.N.Y. Feb. 26, 2014).

Plaintiff claims to earn $70,000 in gross pay and have a take-home pay of $30,000 this year. Plaintiff's *in forma pauperis* application has not indicated that plaintiff is unable to pay the Court's filing fee, so plaintiff's motion [2] to proceed *in forma pauperis* is denied.

Plaintiff must pay the $400 filing fee within 14 days of the entry of this order or the complaint will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                          U.S.D.J.

Dated: Brooklyn, New York
       December 19, 2018