| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

```
-------------------------------------------------------- X
ZAATNURE XI-AMARU,                                       :
                                                         :
                              Plaintiff,                 :
                                                         :
              - against -                                :    MEMORANDUM
                                                         :    DECISION AND ORDER
DIRECTOR AND/OR COMMISSIONER OF                          :
SOCIAL SECURITY ADMINISTRATION,                          :    18-cv-7028 (BMC) (RLM)
KINGS COUNTY, JANE OR JOHN DOE                           :
FACILITY/STATION DIRECTOR, JANE OR                       :
JOHN DOE SUPERVISOR, and JANE DOE,                       :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action because the Social Security Administration (the "SSA") denied his request for a name change.[1] Plaintiff paid the filing fee for this action. For the reasons stated below, his complaint is dismissed, but he is granted leave to file an amended complaint within twenty days after the entry of this order.

## BACKGROUND

The complaint alleges that plaintiff attempted to change the name on his Social Security account by presenting certain documents, including documents relating to plaintiff's identification as a Native American, at a Social Security office. In response, an employee at the Social Security office spoke with her supervisor and informed plaintiff that he would receive a notice in the mail about his request. Plaintiff then received a letter from the SSA indicating that the SSA was not able to honor plaintiff's documents; that the United States government does not

---

[1] Plaintiff's gender is not apparent from the name.

recognize plaintiff's tribe; and that plaintiff could contact the Bureau of Indian Affairs or "go to U.S. civil court."

Plaintiff then brought this action seeking damages under 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), for violation of his rights under the United States Constitution. Plaintiff also seeks a declaratory judgment that the SSA failed to change the name for his Social Security account and injunctive relief directing the SSA to change the name. He named as defendants the Commissioner of the SSA, Kings County, and three SSA employees who are sued as John or Jane Does – the employee plaintiff spoke with at the Social Security office, her supervisor, and the director of the facility.

## DISCUSSION

### I. Standard of Review

*Pro se* litigants' submissions are construed liberally. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998).

### II. Claims Against SSA Defendants

Under 42 U.S.C. § 405(g), judicial review of SSA decisions is available to an individual "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." The Supreme Court has interpreted this language to mean that a "final decision" by the SSA is a statutorily specified jurisdictional prerequisite to review in federal court.

Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Accordingly, if the SSA denies an individual's request to change the name on his Social Security card, he must file for reconsideration of the SSA's decision and receive a final decision on his request for reconsideration before bringing a lawsuit. El v. Commissioner of Social Security, No. 17–cv–279, 2018 WL 795736 (N.D. Fla. Jan. 18, 2018). In short, he must exhaust his administrative remedies before suing "so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Weinberger, 422 U.S. at 765.

Here, plaintiff has not exhausted his administrative remedies. He does not appear to have even requested reconsideration of the SSA's rejection of his name change request, let alone received a final decision of the Commissioner of Social Security. Plaintiff would not be irreparably harmed if he were required to exhaust his administrative remedies, as there does not seem to be any particular urgency to changing the name on his Social Security account. Further, it does not appear that it would be futile for plaintiff to exhaust his administrative remedies. The SSA has been responsive to plaintiff's request, even if it did not grant the request, and there no reason to doubt that it would consider a request for reconsideration. Although the request to change plaintiff's name on his account is collateral to a demand for benefits, the other factors counsel in favor of requiring plaintiff to exhaust his administrative remedies.

The Court appreciates that plaintiff has filed this lawsuit after receiving a letter directing him to go to court (or to the Bureau of Indian Affairs). However, the Supreme Court has clearly articulated the importance of preventing premature judicial interference with the decision-making process of administrative agencies, including the SSA. In light of the Supreme Court's

guidance, this Court cannot provide a remedy to plaintiff until he has at least requested reconsideration of the SSA's rejection of his request and received a final decision from the SSA.

Even if plaintiff had exhausted his administrative remedies, his attempts to seek damages against the SSA defendants fail. Section 1983 "does not reach … actions of the Federal Government and its officers … ." District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). Because the Commissioner of the SSA and the three SSA employees sued as John or Jane Does are federal officers, the 42 U.S.C. § 1983 claims against them are dismissed.

Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), permits recovery of damages for some constitutional violations by federal officers. Yet "the absence of statutory relief for a constitutional violation … does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation," so the Supreme Court has "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts." Schweiker v. Chilicky, 487 U.S. 412, 421-22 (1988). Since "Congress is the body charged with making the inevitable compromises required in the design of" the Social Security system, the Supreme Court has held that Social Security claimants may not bring Bivens actions alleging violations of their constitutional rights. Id. at 429. Because no Bivens claim is available for Social Security claimants, plaintiff's Bivens claims against the Commissioner of Social Security and the other three SSA employee defendants are dismissed.

In light of plaintiff's *pro se* status, he will be given an opportunity to file an amended complaint for declaratory and injunctive relief against the SSA defendants. He is advised that this amended complaint will completely replace the original complaint and so he must set forth a short and plain statement of the facts as if there had been no prior complaint. In his amended

complaint, plaintiff must either plead facts showing that he has received a final decision from the SSA, or that his failure to exhaust administrative remedies should be excused.

### III. Claims Against Kings County

A local government can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury …." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). A Monell claim requires "factual allegations that would support a plausible inference that the County[]'s 'policies' or 'customs' caused … violations of … rights." Missel v. County of Monroe, 351 Fed.Appx. 543, 545 (2d Cir. 2009).

The claims against Kings County are dismissed. Plaintiff has failed to allege any facts showing that Kings County had any role in the SSA's alleged failure to change the name on plaintiff's Social Security card, let alone facts showing that Kings County had a policy or custom that violated plaintiff's rights. Further, Bivens provides a remedy against federal officers, not local governments. Plaintiff's request for injunctive and declaratory relief may be appropriate against the SSA defendants – who could actually change the name for plaintiff's account – but not for Kings County, which does not administer the Social Security system.

### CONCLUSION

Plaintiff's complaint is dismissed with leave to file an amended complaint no later than twenty days after the entry of this order. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                         U.S.D.J.

Dated: Brooklyn, New York
       January 24, 2019