| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | | C/M |
| ----------------------------------------------------------- X<br>ZAATNURE XI-AMARU,<br><br>        Plaintiff,<br><br>    - against -<br><br>ANDREW M. SAUL, Commissioner of Social<br>Security, MS. WHITE, MR. BRADSHAW, and<br>MR. ZEN,<br><br>        Defendants.<br>----------------------------------------------------------- X | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **MEMORANDUM DECISION<br>AND ORDER**<br><br>18-cv-7028 (BMC) (RLM) |

**COGAN**, District Judge.

Plaintiff *pro se* brought this action against various Social Security Administration officials because the Social Security Administration denied plaintiff's request for a name change.[1] For the reasons stated below, this action is dismissed without prejudice for failure to timely serve defendants.

## BACKGROUND

On December 12, 2018, plaintiff filed a complaint against Kings County, the Commissioner of Social Security, and three Jane or John Doe defendants. Plaintiff moved for leave to proceed *in forma pauperis*, but on December 19, 2018 the Court denied this motion. Plaintiff paid the filing fee on January 8, 2019.

On January 24, 2019, the Court dismissed the complaint with leave to file an amended complaint. On February 19, 2019, plaintiff filed an amended complaint against the Commissioner of Social Security and the three John or Jane Does, but not against Kings County.

---

[1] Plaintiff previously brought this action against Nancy A. Berryhill in her former capacity as Acting Commissioner of Social Security. Under Federal Rule of Civil Procedure 25(d), the Clerk shall conform the docket to the caption above by substituting Commissioner of Social Security Andrew M. Saul for former Acting Commissioner of Social Security Berryhill.

Plaintiff then filed a second amended complaint on May 20, 2019 against the Commissioner of Social Security as well as Mr. Bradshaw, Mr. Zen, and Ms. White, who replaced the three John or Jane Doe defendants. In the meantime, the Court issued five separate orders directing plaintiff to timely serve defendants, and plaintiff submitted two separate motions for extensions of time to serve defendants.

On July 28, 2019, plaintiff requested that the Court direct the United States Marshals Service to serve defendants. On August 2, 2019, the Court denied plaintiff's request and indicated that the Court will dismiss this case by August 13, 2018 if plaintiff does not serve defendants by then. As of the date of this order, plaintiff has not served any defendants.

## DISCUSSION

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "Filing an amended complaint does not toll the time to serve a defendant named in the initial complaint." Spiteri v. Russo, 12-cv-2780, 2012 WL 5422180, at *2 (E.D.N.Y. Nov. 6, 2012). "Plaintiffs are not excused from complying with the applicable rules of service merely by virtue of their *pro se* status." Cassano v. Altshuler, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016).

Although this case has been pending since December 2018, plaintiff has never served a single defendant, let alone served defendants by the August 13, 2019 deadline the Court set in its August 2, 2019 order.[2] Plaintiff has had ample notice that failure to serve defendants will result

---

[2] The Court also notes that, even if the Court did not set August 13, 2019 as the deadline for service, the Court would nonetheless dismiss this case for failure to timely serve defendants under Federal Rule of Civil Procedure 4(m). Since plaintiff named the Commissioner of Social Security in the December 12, 2018 complaint, the time to serve the Commissioner has long passed. Plaintiff also brought this December 12, 2018 complaint against three

2

in dismissal of this case. The Court has already issued five separate orders directing plaintiff to timely serve defendants, and in its August 2, 2019 order, the Court cautioned plaintiff that if plaintiff failed to serve defendants by August 13, 2019, then this case will be dismissed.

Further, plaintiff has not provided any plausible explanation for why plaintiff has failed to timely serve defendants. Instead, in the July 28, 2019 letter, plaintiff appeared to blame the United States Marshals Service for failing to serve defendants. Under Federal Rule of Civil Procedure 4(c)(3), courts "may order that service be made by a United States marshal" and "must so order if the plaintiff is authorized to proceed in forma pauperis … ." The Court has not ordered the Marshals to serve defendants and plaintiff is not proceeding *in forma pauperis*. Thus, as the Court indicated in its August 2, 2019 order, plaintiff is not entitled to service by the Marshals.

Even if plaintiff were entitled to service by the Marshals, "entitlement to service by the Marshals … does not require automatic service." Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007). If plaintiff fails to make "sufficiently diligent efforts to have the United States Marshal's Service serve a defendant within the relevant time period," then the case may be dismissed since "plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts." Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007). Here, plaintiff has not appeared to have made any diligent

---

John or Jane Does, but did not name these defendants until plaintiff brought the May 20, 2019 second amended complaint. Since "replacing a 'John Doe' with a named party in effect constitutes a change in the party sued," Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993), if a plaintiff replaces John or Jane Does with a named party in an amended complaint, the plaintiff must timely serve that party under Federal Rule of Civil Procedure 4(m). See Hamilton v. DiLeto, 08-cv-164, 2009 WL 1374885, at *2 (D. Conn. May 13, 2009). Thus, even if the Court did not set August 13, 2019 as the deadline, plaintiff would have had to serve Mr. Bradshaw, Mr. Zen, and Ms. White by August 19, 2019, but failed to do so.

3

effort to serve defendants despite ample opportunity to do so. Thus, the Court would dismiss this case even if plaintiff were entitled to service by the Marshals.

## CONCLUSION

This case is dismissed without prejudice. The Clerk shall enter judgment accordingly. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
       August 23, 2019